UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J NEW JERSEY, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>UNITY CONSTRUCTION SERVICES, INC., ATA/BEILHARZ ARCHITECTS, LLC, KOHRS LONNEMANN HEIL ENGINEERS, PSC, FRANK MELI d/b/a MELI PLUMBING & HEATING, INC., MELI PLUMBING & HEATING, INC., and NAI DILEO-BRAM PROPERTY MANAGEMENT, LLC,<br><br>*Defendants.* | Civil Action No. 13-cv-05096 (PGS)(DEA)<br><br><br>**ORDER** |

**WHEREAS**, presently pending before the Court is Plaintiff, J&J New Jersey, LLC's (hereinafter "Plaintiff"), Motion for Reconsideration of the Order of this Court dated March 31, 2015 (ECF No. 50),[1] granting Defendant, Kohrs Lonnemann Heil Engineers, PSC's (hereinafter "Defendant" or "KLH"), Motion for Partial Summary Judgment, and dismissing Plaintiff's claims against Defendant with prejudice;

**WHEREAS**, the Court, in the exercise of its discretion, has elected to determine the present motion based on a careful review of the parties submissions, and without need for oral argument with respect to same; *see* FED R. CIV. P. 78(b);

---

[1] Review of the docket sheet in this matter indicates that Plaintiff's motion seeks reconsideration of the Orders of this Court dated March 31, 2015 (ECF Nos. 49, 50). However, Plaintiffs brief filed in support of the instant motion appears to seek reconsideration by this Court solely of its Order docketed as entry number 50, *i.e.*, the Order granting KLH's Motion for Partial Summary Judgment.

**WHEREAS**, Plaintiff contends, in its brief filed in support of the instant motion, that the Court committed clear error of law by applying the economic loss doctrine so as to bar Plaintiff's claim sounding in negligence asserted against KLH on the basis of an erroneous interpretation of, *inter alia*, the holding of the Superior Court of New Jersey, Law Division, Middlesex County in *Spectraserv, Inc. v. Middlesex County Utils. Auth.*, 2013 N.J. Super. Unpubl. LEXIS 2173 (Law Div. July 25, 2013);

**WHEREAS**, contrary to Plaintiff's contention, the Court conducted a thorough and careful review of both the holding and reasoning animating the decision of the court in *Spectraserv, Inc. v. Middlesex County Utils. Auth.*, 2013 N.J. Super. Unpubl. LEXIS 2173 (Law Div. July 25, 2013), and concluded, on the basis thereof, that Plaintiff's claim against KLH, under the circumstances presented by the instant matter, are barred by operation of the economic loss doctrine;

**WHEREAS**, the Court further notes that Plaintiff argues that it never had the opportunity to brief the issue of the applicability of the economic loss rule to the claims asserted against KLH, which contention the Court rejects on the ground that it was, indeed, Plaintiff that raised this very issue in its brief filed in opposition to KLH's Motion for Partial Summary Judgment (ECF. No. 42); *see* Plaintiff's Brief in Opposition to KLH's Motion for Partial Summary Judgment at 7;

**WHEREAS**, the Court further observes that Plaintiff's reliance on *Conforti & Eisele, Inc. v. John c. Morris Associates*, 175 N.J. Super. 341 (Law Div. 1980) and *People Express Airlines, Inc. v. Consol. Rail Corp.*, 100 N.J. 246 (1985) is misplaced in that both of those cases are distinguishable from the circumstances presented by the instant matter for the reasons set forth by the *Spectraserv, Inc.* court; *see Spectraserv, Inc.*, 2013 N.J. Super. Unpubl. LEXIS 2173 at *41-44;

**WHEREAS**, to succeed on a motion for reconsideration "the moving party must show 'more than disagreement' with the decision it would like reconsidered," *State Farm Fire & Cas. Co. v.*

*Vanaman*, No. 10-1565, 2012 WL 5392263, at *1 (D.N.J. Nov. 1, 2012) (quoting *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995); and that, rather, "there must be some 'dispositive factual matters or controlling decisions of law' that were presented to the Court, but not considered," *Id.* (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002); and finally, that a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration," *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989), *mod.*, 919 F.2d 225 (3d Cir. 1990); *see also S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003);

**WHEREAS**, it is the determination of this Court that Plaintiff has failed to carry its burden under the above-referenced standard in that Plaintiff has failed to proffer any additional arguments beyond those already presented to, and considered by, the Court in rendering its determination of KLH's prior Motion for Partial Summary Judgment.

**IT IS** on this 16th day of June, 2015,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 42) of the Order of this Court dated March 31, 2015 (ECF No. 50) be, and hereby is, DENIED WITH PREJUDICE.

Dated: June 16, 2015

_____
PETER G. SHERIDAN, U.S.D.J.