UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J NEW JERSEY, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>UNITY CONSTRUCTION SERVICES, INC., *et. al.*<br><br>*Defendants.* | Civil Action No.: 3:13-05096-PGS-DEA<br><br>**<u>ORDER</u>** |

      **WHEREAS**, presently pending before this Court is Plaintiff, J&J New Jersey, LLC's (hereinafter "Plaintiff"), Motion to Certify the June 18, 2015, Order of this Court, denying Plaintiff's Motion for Reconsideration, for Interlocutory Appeal (ECF 61);

      **WHEREAS**, by Order dated March 31, 2015, this Court previously granted Defendant, ATA/Beilharz Architect, LLC's ("ATAB"), Motion for Partial Summary Judgment (ECF 38), and by Order dated June 18, 2015, denied Plaintiff's subsequent Motion for Reconsideration of the Court's March 31, 2015, Order;

      **WHEREAS**, to succeed on a motion seeking certification of an Order of the Court for interlocutory appeal pursuant to 18 U.S.C. § 1292(b), Plaintiff must establish that the matter: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) the final resolution of the appeal must have the potential to materially advance the determination of the litigation. *See Katz v. Carte Blance Corp.*, 496 F.2d 747, 752 (3d Cir. 1974);

**WHEREAS,** "[t]he burden is on the party seeking certification to demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *L.R. v. Manheim Twp. Sch. Dist.*, 540 F.Supp. 2d 603, 608 (E.D. Pa. 2008) (quoting *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992));

**WHEREAS,** a substantial ground for difference of opinion making interlocutory appeal proper "[m]ust arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001);

**WHEREAS,** "[m]ere disagreement with the District Court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 966, 1001 (D.N.J. 1996);

**WHEREAS,** the Court has carefully reviewed the parties' submissions as well as the arguments therein set forth;

**WHEREAS,** it is the determination of this Court that Plaintiff has failed to carry its burden under the above-referenced standard in that Plaintiff has not established in its submissions that there exists (1) a controlling question of law, (2) for which there is substantial ground for difference of opinion, (3) that would materially advance the determination of this litigation; *See Katz*, 496 F.2d at 752;

**WHEREAS,** the Court, in the exercise of its discretion, has elected to determine the present motion based on a careful review of the parties' submissions, and without need for oral argument with respect to same; *see* FED R. CIV. P. 78(b);

IT on this 4 day of August, 2015, hereby:

**ORDERED** that Plaintiff's Motion to Certify the Court's June 18, 2015, Order for Interlocutory Appeal (ECF 62) is hereby DENIED.

**Dated**: August 4, 2015

                                              PETER G. SHERIDAN, U.S.D.J.